UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JAMES DUEL,

        Plaintiff,                          Case No. 1:06-cv-833

v.                                               Honorable Richard Alan Enslen

STATE OF MICHIGAN,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, purports to bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because it fails to state a claim and Defendant State of Michigan is immune from suit.

**Discussion**

  I.  Factual allegations

  Plaintiff is presently incarcerated in the Florence Crane Correctional Facility. After pleading guilty, Plaintiff was convicted of first-degree criminal sexual conduct (CSC), MICH COMP. LAWS § 750.520b, in Ingham County Circuit Court in 2005. The trial court sentenced him to five to twenty years' incarceration for his conviction.[1] Plaintiff filed a complaint for declaratory judgment (docket #1) and an amended request for declaratory judgment (docket #2).[2] Plaintiff claims that the Michigan state legislature in 1974 passed MICH COMP. LAWS § 750.520 in violation of the Michigan Constitution and the United States Constitution. (Compl. at 2, docket #1.) Plaintiff further argues that the continued enforcement of MICH. COMP. LAWS § 750.520 denies him the right to be free of cruel and unusual punishment under the Eighth Amendment, and the right to due process under the Fourteenth Amendment. (Supplemental Compl. at 1, docket #2.) He also complains of being falsely imprisoned pursuant to a nonexistent statute. (*Id.*) For relief, Plaintiff requests this Court to: (1) find that MICH. COMP. LAWS § 750.520 was adopted in violation of the Michigan Constitution and therefore is "non-existent"; (2) vacate Plaintiff's criminal judgment as

---

[1] Plaintiff's complaint failed to provide specific information regarding his conviction and sentence. Therefore, the Court retrieved pertinent information from the Michigan Department of Corrections Offender Tracking Information System at http://www.state.mi.us/mdoc/asp/otis2.html.

[2] On or about December 18, 2006, Plaintiff filed an "Amended Request for Declaratory Judgment" (docket #2). Construing Plaintiff's *pro se* complaint liberally, *see Haines*, 404 U.S. at 520, Plaintiff's filing appears to supplement his complaint with additional constitutional violations stemming from Defendant's enforcement of MICH. COMP. LAWS § 750.520 rather than to amend his complaint. Leave of Court is not necessary in order to allow Plaintiff to submit supplemental arguments regarding the enforcement of MICH. COMP. LAWS § 750.520. The Court therefore will permit the filing of Petitioner's "Amended Request for Declaratory Judgment" as a supplemental motion.

"null and void";[3] (3) order that all information relating to Plaintiff's CSC conviction be deleted from all sources, including Internet, police, and court documents; and (4) monetary damages. (Compl. at 19[4]; Supplemental Compl. at 1.)

Several other prisoners incarcerated at the Florence Crane Correctional Facility have filed virtually identical actions for declaratory relief. *See, e.g., Poling v. State of Mich.,* No. 1:06-cv-841 (W.D. Mich.); *Rivera v. State of Mich.,* No. 1:06-cv-783 (W.D. Mich.); *Kline v. State of Mich.,* No. 1:06-cv-776 (W.D. Mich.); *Jenney v. State of Mich.,* No. 1:06-cv-771 (W.D. Mich.); *Grabinski v. State of Mich.,* No. 1:06-cv-770 (W.D. Mich.); *Dean v. State of Mich.,* No. 1:06-cv-769 (W.D. Mich.); *Trouten v. State of Mich.,* No. 1:06-cv-736 (W.D. Mich.); *Anderson v. State of Mich.,* No. 1:06-cv-714 (W.D. Mich.); *Borah v. State of Mich.,* No. 1:06-cv-651 (W.D. Mich.); *Quantrell v. State of Mich.,* No. 1:06-cv-650 (W.D. Mich.); *Swihart v. State of Mich.,* No. 1:06-cv-649 (W.D. Mich.); *Friske v. State of Mich.,* No. 1:06-cv-648 (W.D. Mich.); *Hobby v. State of Mich.,* No. 1:06-cv-617 (W.D. Mich.).

II.   Failure to state a claim

Plaintiff seeks to invoke this Court's jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl. at 1.) It is well established that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers,* 363 U.S. 666 (1960);

---

[3] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

[4] Plaintiff misnumbered his complaint. The correct page in Plaintiff's complaint for this citation is 17 but Plaintiff cites it as page 19. The Court will therefore cite to the page numbers in Plaintiff's original complaint rather than the correct page numbers.

*Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667 (1950); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983)*; Mich. Sav. & Loan League v. Francis,* 683 F.2d 957 (6th Cir. 1982). "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id.* Thus, a plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis.

Here, Plaintiff does not allege any valid basis for the Court's jurisdiction. Plaintiff attempts to place this action under the auspices of the federal Declaratory Judgment Act by alleging that he has a "practical interest" in a declaration from this Court because he was "convicted of violating this illegally passed law." (Compl. at 2.) This assertion does not remedy the Court's lack of jurisdiction over this matter. To the extent Plaintiff challenges the fact or duration of his confinement, he must file a petition for habeas corpus relief under 28 U.S.C. § 2254.

Plaintiff further attempts to invoke the Court's jurisdiction under the civil rights statute at 42 U.S.C. § 1983 by asserting that the 1974 Michigan Legislature violated the Michigan Constitution and "Art. 7, 14th Amendment and Art. 6, clause 2" of the United States Constitution by enacting the CSC statute. (Compl. at 2.) In his supplemental complaint, Plaintiff also argues that the enforcement of the CSC statute violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, and constitutes false imprisonment. (Supplemental to Compl. at 1.) Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that he is being falsely imprisoned for nonexistent crimes and that the CSC statute violates the Michigan Constitution fail to state a claim. (Compl. at 2; Supplemental to Compl. at 1.)

To the extent Plaintiff complains that he is being held in violation of the United States Constitution, his claim is not cognizable under § 1983 because Defendant State of Michigan is immune from suit in the federal courts. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Plaintiff's action against the State of Michigan should be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed because it fails to state a claim and Defendant State of Michigan is immune from suit pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  January 31, 2007                                                /s/ Ellen S. Carmody
                                                                       ELLEN S. CARMODY
                                                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).